**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PEOPLES SECURITY BANK & TRUST | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | NO. 26-772 |
| | : | |
| RANJIT SINGH | : | |
| | : | |

**<u>MEMORANDUM OPINION</u>**

**Henry, J.**                                                                    **April 20, 2026**

This case is before the Court on Plaintiff's Motion for Alternative Service Pursuant to Special Order of the Court (ECF No. 6) ("Mot."). Because I find that Plaintiff has not made a sufficient good faith effort to locate and serve Defendant, I will deny the Motion without prejudice.

## I.    <u>FACTUAL BACKGROUND</u>

This is a breach of contract action in which Plaintiff demands judgment against Defendant in the amount of $100,873.30 plus interest, attorneys' fees, and costs. *See* ECF No. 1. Plaintiff has tried unsuccessfully to locate and effect service of process upon Defendant and now moves for alternative service, seeking to serve Defendant by regular and certified mail to his last known address, by posting a copy of the Summons and Complaint to the same address, and by publication in the Northampton County Reporter and in Newsday of Nassau County, New York. *See* Mot. at 1.

Plaintiff attached to its present Motion an affidavit of good faith investigation (Mot. at Ex. A) ("Aff."), which details its attempts to locate and serve Defendant as follows:

Plaintiff's counsel conducted a general internet search to attempt to determine Defendant's current address. Aff. at ¶ 2. The search revealed two potential addresses, one at Forest Avenue in

1

East Meadow, New York, and one at Merrick Avenue in East Meadow, New York. *Id.* Counsel also conducted an IDI Core database search, which revealed the Forest Avenue address as Defendant's residence from 2022 to present, as well as an address at Oyster Bay Road in East Meadow, New York in 2025. *Id.* at ¶ 3.

On February 12, February 16, and February 18, 2026, a licensed New York State process server attempted service upon Defendant at the Forest Avenue address. *Id.* at ¶ 1. The attempt was unsuccessful, as nobody answered the door. *Id.* A sign on the house indicated that the property was for sale. *Id.* On February 25, 2026, counsel for Plaintiff sent the Complaint and Summons via first-class and certified mail to the Merrick Avenue address. *Id.* at ¶ 5. Counsel received a call from a Ranjit Singh on March 3, who indicated that he is not the correct Ranjit Singh and provided his driver's license to counsel, which did not match Defendant's driver's license. *Id.* Then, on March 10, 2026, a process server attempted service at the Oyster Bay address.[1] *Id.* at ¶ 4. That attempt was also unsuccessful, as a man named Harsimranjit Singh opened the door and stated that he was a psychiatrist and not Defendant, as his first name is different from Defendant's. *Id.*

Plaintiff additionally had reason to believe Defendant might have been employed at Lovely Star Wireless, Inc., and sent the Complaint and Summons via first-class and certified mail to the company's two addresses in Ozone Park, New York. *Id.* at ¶ 6. Both mailings were delivered. *Id.* However, a paralegal for counsel spoke with the process server on March 20, 2026, who stated that they spoke with an individual at the company who indicated that nobody works there by the

---

[1] Although counsel indicated that the IDI Core database search returned an address at Oyster Bay Road in East Meadow, New York, this attempt at service was done at Oyster Bay Road in Hicksville, New York. Upon a Google Maps search, it does not appear there is an Oyster Bay Road in East Meadow, New York, and the Oyster Bay Road in Hicksville, New York is approximately 10 miles south of East Meadow, New York. That being said, there is also an identical Oyster Bay address in Oyster Bay, New York, that is approximately 12 miles north of East Meadow, New York. Plaintiff does not address whether they considered this address.

name of Ranjit Singh, and the company is called Liberty Wireless, not Lovely Star Wireless, Inc. *Id.* at ¶ 7.

On March 25, 2026, counsel for Plaintiff conducted a request for change of address or boxholder information with the United States Postal Service in Nassau County, New York, to which it has received no response. *Id.* at ¶ 8. Counsel also conducted a voter status record search in Nassau County, New York, which showed no results for Defendant. *Id.* at ¶ 9. Counsel indicates it is unaware of any of Defendant's other family members, friends, or employers through which to attempt service upon Defendant. *Id.* at ¶ 11.

## II.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 4(e)(1) permits service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Because this Court is situated in the Eastern District of Pennsylvania, Pennsylvania Rules of Civil Procedure govern.

Pennsylvania Rule of Civil Procedure 430(a) provides:

> If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

"Alternative service is only appropriate as a 'last resort' when personal service cannot be made." *United States v. Linares*, No. 16-cv-4463, 2016 WL 7014192, at *1 (E.D. Pa. Nov. 30, 2016) (quoting *Johnson v. Berke Young Int'l, LLC*, No. 07-cv-2240, 2007 WL 3010531, at *1 (E.D. Pa. Oct. 12, 2007)). The plaintiff "must demonstrate that every reasonable effort was made to ensure the defendant receives actual notice of the lawsuit." *Id.*

In order for a plaintiff to be entitled to alternative service, it must demonstrate that: "(1) it made a good faith effort to locate the defendant; (2) it made practical efforts to serve [the

3

defendant] under the circumstances; and (3) its proposed alternate means of service is 'reasonably calculated to provide the defendant with notice.'" *Id.* (quoting *Premium Payment Plan v. Shannon Cab Co.*, No. 04-cv-4669, 2007 WL 2319776, at *2 (E.D. Pa. Aug. 13, 2007)).

## III.    DISCUSSION

### A.  Good Faith Effort to Locate Defendant

The Official Note accompanying Pennsylvania Rule of Civil Procedure 430 provides a non-exhaustive list of illustrations of good faith effort to locate a defendant, including:

> (1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, 39 C.F.R. Part 265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, (3) examinations of local telephone directories, courthouse records, voter registration records, local tax records, and motor vehicle records, and (4) a reasonable internet search.

Pa. R. Civ. P. 430(a) note.  Other efforts may include "searching the Internet, calling telephone directory assistance, and hiring private investigators or skip tracer services." *Barbosa v. Dana Cap. Grp., Inc.*, No. 07-cv-1724, 2009 WL 902339, at *5 (E.D. Pa. Mar. 31, 2009).  "More than a mere paper search is required." *Id.* (internal quotations omitted).  Although a plaintiff need not employ every one of these potential methods to locate a defendant, their efforts will be deemed insufficient if they do not attempt most of the methods. *See Linares*, 2016 WL 7014192, at *2.

Although Plaintiff has tried to locate Defendant, I find the efforts as set forth in the Affidavit insufficient.  Plaintiff indicates that it conducted a general internet search and an IDI Core database search, that it determined the Merrick Avenue address and Oyster Bay address did not belong to Defendant, as different individuals reside there, and that it attempted to contact Defendant's place of employment, which indicated that he did not work there.  Plaintiff also requested information from the United States Postal Service, to which it did not receive a response, and that it conducted a voter status record search to no avail.

4

Plaintiff has certainly made *some* efforts, but more can be done.  For example, Plaintiff should follow up with the United States Postal Service on its inquiry.  Additionally, Plaintiff might look into prison or military searches, local telephone directories, courthouse records, tax records, or motor vehicle records.  *See, e.g.*, *Linares*, 2016 WL 7014192, at *2; Pa. R. Civ. P. 430(a) note.  Or, Plaintiff might consider retaining a private investigator.  As to the Forest Avenue address, which Plaintiff believes is Defendant's last known address and which is where Plaintiff seeks to serve Defendant by mail and posting of the Summons and Complaint, I am not convinced that it can be definitively said that that is Defendant's last known address, especially because a sign on the door said the house is for sale.  Plaintiff might conduct an inquiry into the property's ownership or rental status and talk with neighbors or a property manager, if applicable, to determine if Defendant indeed does still live there.

Plaintiff will therefore be required to conduct further diligence into Defendant's whereabouts before the Court will consider permitting alternative service.

### B.  Practical Efforts to Serve Defendant

I similarly find that Plaintiff needs to make further attempts to serve Defendant before the Court will consider permitting alternative service.  Plaintiff has indicated that it believes Defendant's address is at Forest Avenue, but it has only attempted to serve him there on three occasions, all within a week of each other.  More is necessary.  *See United States v. Smith*, No. 16-cv-5650, 2017 WL 395486, at *2 (E.D. Pa. Jan. 30, 2017) (holding that three attempts to serve the defendant within a single six-day period was insufficient to allow alternative service).  "Generally, a plaintiff must make multiple attempts to serve a defendant in order to demonstrate that alternative service is necessary." *Linares*, 2016 WL 7014192, at *2 (noting that "as many as six repeated attempts at service and a stakeout may be necessary to demonstrate that all practical

efforts were made to serve the defendant"). Therefore, I hold that Plaintiff has not made a sufficient effort to serve Defendant at this point in time.

### C. Appropriateness of Alternative Service

Because I hold that Plaintiff's efforts to locate and serve Defendant are insufficient, I need not address whether alternative service is appropriate. *See Linare*, 2016 WL 7014192, at *1. That being said, I will note that at this time, because it is unclear whether *anyone* resides at the Forest Avenue address, as it is for sale, alternative service there might not be appropriate. Indeed, if the property is vacant, attempting to serve Defendant there by mail and posting the Summons and Complaint would not be reasonably calculated to provide Defendant with notice of the lawsuit. *See United States v. Ciccone*, No. 16-cv-5839, 2017 WL 480584, at *3 (E.D. Pa. Feb. 6, 2017).

### IV.   **CONCLUSION**

For the reasons discussed more fully above, I will deny Plaintiff's Motion for Alternative Service without prejudice. An appropriate Order follows.